IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

GABRIEL AYALA,

       Petitioner,

vs.                                                             No. CV 20-00163 MV/KBM

NEW MEXICO CORRECTION DEPARTMENT
PROBATION AND PAROLE, and
ATTORNEY GENERAL OF THE STATE OF
NEW MEXICO,

       Respondents.

## MEMORANDUM OPINION AND ORDER TO TRANSFER PURSUANT TO 28 U.S.C. § 1631

**THIS MATTER** is before the Court, *sua sponte*, under Rules 4 and 11 of the Rules Governing Section 2254 Cases, on the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Gabriel Ayala. (Doc. 1). The Petition is a second or successive § 2254 petition filed without authorization from a court of appeals and this Court lacks jurisdiction to consider the Petition. In the interests of justice, the Court will transfer the Petition to the United States Court of Appeals for the Tenth Circuit under 28 U.S.C. § 1631.

Petitioner, Gabriel Ayala, was convicted on seven counts of child abuse in State of New Mexico, County of Santa Fe, First Judicial District cause no. D-101-CR-2002-00860 and sentenced to 18 years imprisonment.[1] Judgment was entered on his conviction and sentence on September

---

[1] The Court has reviewed the official record through the New Mexico Supreme Court's Secured Online Public Access (SOPA) and takes judicial notice of the records in Ayala's criminal case D-101-CR-2002-00860. *United States v. Ahidley,* 486 F.3d 1184, 1192 n. 5 (10th Cir .2007) (The Court may take judicial notice of publicly filed records in this court and other courts concerning matters that bear directly upon the disposition of the case at hand); *Shoulders*

17, 2004. Ayala's conviction and sentence were affirmed on appeal in 2006. Amendments to the Judgment were entered in 2010 and 2011. Petitioner Ayala also filed two state petitions for habeas corpus relief, which were dismissed. The New Mexico Supreme Court denied certiorari on both habeas corpus petitions. *See Ayala v. Hatch,* No. D-101-CV-2007-02657 and D-101-CV-2013-02364. Petitioner Ayala also filed a habeas corpus petition in this Court under 28 U.S.C. § 2254. *Gabriel Ayala v. Timothy Hatch,* No. CV 10-01240 MV/LFG. Ayala's prior § 2254 petition was denied by this Court, and the Tenth Circuit affirmed the denial. *Ayala v. Hatch*, 530 F. App'x 697 (2013).

Petitioner Ayala completed his sentence of incarceration and an Order of Probation was entered on April 27, 2018. Petitioner is currently in the custody of the Texas Department of Criminal Justice and the El Paso County Community Supervision and Corrections Department under an inter-state compact between the New Mexico Department of Corrections and the Texas Department of Criminal Justice. (Doc. 1 at 15).

In his previous § 2254 proceeding in this Court, Petitioner attacked the same state court criminal conviction in State of New Mexico cause no. D-101-CR-2002-00860 that is the subject of this proceeding. (*compare* Doc. 1 at 1 with CV 10-01240, Doc. 1). In his first § 2254 petition, Ayala claimed: (1) "[m]ultiple sentences violate double jeopardy"; (2) "[m]ental state required for serious violent offense"; and (3) [d]enial of effective assistance of counsel" (CV 10-01240, Doc. 1 at 5-8). The Court adopted, in part, the Magistrate Judge's Proposed Findings and Recommended Disposition and dismissed the case on the merits. (CV 10-01240 MV/LFG, Doc. 28). The Tenth Circuit denied a Certificate of Appealability. (CV 10-01240 MV/LFG, Doc. 40).

---

*v. Dinwiddie,* 2006 WL 2792671 (W.D. Okla. 2006) (court may take judicial notice of state court records available on the world wide web including docket sheets in district courts).

Ayala has now filed his second proceeding under 28 U.S.C. § 2254. The grounds Ayala seeks to assert in his current § 2254 Petition appear to arise out of the same trial proceedings leading to his original conviction and sentence. Petitioner Ayala raises three grounds for habeas corpus relief:

> (1) evidence that was discovered during his state habeas corpus proceedings (Doc. 1 at 5, ¶ 12 Ground One);
>
> (2) fundamental error based on actual innocence (Doc. 1 at 7, ¶ 12 Ground Two); and
>
> (3) ineffective assistance of counsel for failure to investigate the medical condition or consult a medical expert (Doc. 1 at 8, ¶ 12 Ground Three).

Under 28 U.S.C. § 2244(b)(1), "a claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed." A claim that was not presented in a prior application must also be dismissed unless the applicant shows either (1) that the claim relies on a new rule of constitutional law that was previously unavailable and was made retroactive to cases on collateral review by the Supreme Court or (2) that the factual predicate for the claim was previously unavailable and would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2244(b)(2).

When grounds exist for a second or successive § 2254 petition, a petitioner may proceed in this Court only after obtaining authorization from the appropriate court of appeals. Before a second or successive petition is filed in the district court, the petitioner must move the court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3)(A). When a second or successive § 2254 claim is filed in the district court without the required authorization from the court of appeals, the district court may transfer the matter to the court of appeals if it determines it is in the interest of justice to do so under 28 U.S.C. § 1631 or

may dismiss the petition for lack of jurisdiction. *In re Cline,* 531 F.3d 1249, 1252 (10th Cir. 2008); *see also Coleman v. United States,* 106 F.3d 339, 341 (10th Cir. 1997).

The current Petition is Petitioner's second petition and is not accompanied by an authorizing order from the court of appeals. Under § 2244(b)(1), the Court lacks jurisdiction to proceed and must either dismiss Ayala's Petition or transfer this proceeding to the Tenth Circuit. Petitioner Ayala claims to be proceeding based on newly discovered evidence that came to light after his prior § 2254 case. (Doc. 1 at 5, ¶ 12(a)). Therefore, his Petition may present grounds for authorization to proceed on a second or successive § 2254 claim. 28 U.S.C. § 2244(b)(2)(B). Applying the *Cline* factors, the Court finds that it is in the interest of justice to transfer the proceeding to the United States Court of Appeals for the Tenth Circuit for a determination by that Court as to whether to allow Petitioner to proceed on his second § 2254 petition. *In re Cline,* 531 F.3d at 1252.

**IT IS ORDERED** that the Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus by a Person in State Custody filed by Petitioner Gabriel Ayala (Doc. 1) is **TRANSFERRED** to the United States Court of Appeals for the Tenth Circuit under 28 U.S.C. § 1631.

_____
UNITED STATES DISTRICT JUDGE